IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
CLERK, CHARLESTON, SC
2009 FEB 26  P 1:49

| | |
|---|---|
| JERMAINE HALL, #16946-057, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:07-3097-SB |
| v. ) | |
| ) | **ORDER** |
| M. PETTIFORD; NFN BOWINGS; ) | |
| C. JONES; and W. EDWARDS, ) | |
| ) | |
| Defendants. ) | |



This matter is before the Court upon the *pro se* Plaintiff's complaint, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation of a United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d). In the R&R, which was filed on January 28, 2009, Magistrate Judge Thomas E. Rogers, III recommends that the Court grant the Defendants' motion for summary judgment and deny the Plaintiff's motion for "judgment on the pleadings or alternate summary judgment." On February 6, 2009, the Plaintiff filed written objections to the R&R. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to an R&R within ten days after being served with a copy of that report.)

## BACKGROUND

On August 25, 1994, the district court for the Middle District of North Carolina sentenced the Plaintiff to 211 months of imprisonment for possession with intent to distribute cocaine base. At all times relevant to the allegations in the Plaintiff's complaint, he was an inmate at the Federal Correctional Institution in Bennettsville, South Carolina;

however, based on the change of address form filed by the Plaintiff, it appears that he has since been released.

In his complaint, the Plaintiff names the following Defendants, all of whom are federal employees or officials: Michael Pettiford, the Warden at Bennettsville; Denise Bowling-Lape, the Correctional Services Administrator for the Southeast Regional Office; Christopher Jones, a Correctional Officer at Bennettsville; and William Edwards, also a Correctional Officer at Bennettsville. The Plaintiff's complaint alleges as follows, quoted verbatim, in full:

> The Plaintiff was denied access to the Chapel, during the move was stopped by C.O. W. Edwards, and C. Jones. They allowed an inmate with Plaintiff to go to work (the barber shop) while forcing Plaintiff to return to his unit. Favoritism is not allowed per their rules and the law. The (Barber Shop) inmate was allowed to continue and both were at the sidewalk in front of the Dining Hall Doors. This denyed [sic] Plaintiff's freedom of religion, he has sence filed all administrative Remedies. The Defendants have stated that this was a controlled move (which is a violations of their rules for safety.

> The Plaintiff is requesting this Honorable Court to award him damages of 5 million dollars. and 5 Million dollars for pain and suffering. The Plaintiff request that the Defendants directly involved be santioned [sic] For their actions denying him access to the Religious services. The Court Can see that the Defendants are righting [sic] rules as they go along and Plaintiff requests they be reminded of that factor. He thanks this Honorable Court for their time and understanding.

(Pl.'s Compl. at 4-5.)

On March 18, 2008, the Plaintiff filed a motion for "judgment on the pleadings or alternate summary judgment," and on March 27, 2008, the Defendants filed a motion for summary judgment. After all responses were filed, the Magistrate Judge issued an R&R analyzing the issues and recommending that the Court grant the Defendants' motion for summary judgment and deny the Plaintiff's motion.

## STANDARD OF REVIEW

### I.    The Magistrate Judge's R&R

The Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which it is made and the basis for the objection. Id. After a review of the entire record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R.

### II.    Legal Standard for Summary Judgment



To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting Pachaly v. City of Lynchburg, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Celotex, 477 U.S. at 327.

## DISCUSSION

In the R&R, the Magistrate Judge first determined that, to the extent the Plaintiff seeks to sue the Defendants in their official capacities, his claims are barred by the doctrine of sovereign immunity. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (holding that federal officers are subject to *personal* liability for deprivations of an individual's fourth amendment rights); Radin v. U.S., 699 F.2d 681 (4th Cir. 1983) ("Bivens and Davis, which held that sovereign immunity does not shield *federal officers* in their *individual* capacity from liability for violation of an individual's constitutional rights, did not waive the sovereign immunity of the United States.") (emphasis in original). Thus, as the Magistrate Judge noted, although the doctrine of sovereign immunity bars suit against the Defendants in their official capacities, the doctrine of sovereign immunity does not bar the Plaintiff's claims against the Defendants in their individual capacities.

After summarizing the declarations and exhibits provided by the Defendants in connection with their motion for summary judgment, the Magistrate Judge evaluated the Plaintiff's complaint under the First Amendment as well as the Religious Freedom Restoration Act of 1993 ("RFRA") and the Religious Land Use and Institutionalized

4

Persons Act of 2000 ("RLUIPA"). With respect to whether the Plaintiff stated a claim under the First Amendment, the Magistrate Judge considered the four factors set forth in Turner v. Safley, 482 U.S. 78 (1987), specifically: (1) whether there is a logical connection between the restriction and the governmental interests invoked to justify it; (2) the availability of alternative means to exercise the restricted rights; (3) the impact that accommodation of the right might have on other inmates, on prison personnel, and on allocation of prison resources generally; and (4) whether there are "obvious, easy alternatives" to the policy that could be adopted at de minimus cost. Id. at 89-90.



After consideration, the Magistrate Judge determined that the Plaintiff's claim failed under the Turner analysis. First, the Magistrate Judge noted that the Plaintiff's right to associate is logically connected to the government's interests in maintaining order and security in its prisons and protecting society. Here, according to the Defendants' exhibits, the Plaintiff arrived at the Chapel after the control movement had ended and the Chaplain had already shut and secured the Chapel. Next, the Magistrate Judge noted that the Plaintiff has been provided a means of worship and has not been deprived of all forms of religious exercise. The Plaintiff's complaint alleges only one instance of being turned away from the Chapel, and according to the Defendants' declarations, the Plaintiff was told to return to his unit but that he could return to the Chapel during the next open controlled move. As the Magistrate Judge noted, the Plaintiff has not demonstrated that he was not permitted to return to the Chapel during the next controlled move. Lastly, the Magistrate Judge concluded that the Plaintiff failed to show that his religion was substantially burdened by missing one Chapel session where a valid security reason existed to prevent the Plaintiff from attending.

Next, with respect to the RFRA and the RLUIPA, the Magistrate Judge determined that the Plaintiff failed to demonstrate that the government had substantially burdened his religious practice. See Lovelace v. Lee, 472 F.3d 174 (4th Cir. 2006) (finding that for purposes of the RLUIPA, "a substantial burden on religious exercise occurs when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.' ") (quoting Thomas v. Review Bd., Indiana Employment Sec. Div., 450 U.S. 707, 717-18 (1981)).

The Magistrate Judge next considered the Defendants' claim that they were entitled to qualified immunity. The Magistrate Judge determined that the Plaintiff failed to demonstrate that the Defendants violated a particular right clearly established in law. See Maciariello v. Sumner, 973 F.2d 295 (4th Cir. 1992). Thus, the Magistrate Judge agreed with the Defendants that they are protected by qualified immunity.

Based on the foregoing, the Magistrate Judge recommended that the Court grant the Defendants' motion for summary judgment. Before concluding, however, the Magistrate Judge addressed the Plaintiff's motion "for judgment on the pleadings or alternate summary judgment." In his motion, the Plaintiff argues that the Defendants did not respond to the summons within the allotted time period, and he therefore asks for judgment in his favor. The Magistrate Judge recommended that the Court deny this motion.

On February 6, 2009, the Plaintiff filed written objections to the R&R, wherein he makes three arguments. First, the Plaintiff objects to page 6 of the R&R, which states that "[m]ovements begin approximately on the hour and end ten minutes after the hour." The next sentence states that "[i]nmates are only allowed the first five minutes of each

movement to depart their location, and are permitted to move within the authorized areas of the institution." (R&R at 6.) Here, the Plaintiff contends that movements are supposed to end ten minutes after the hour, and he asserts that he had "five full minutes to attend the chapel." (Obj. at 1.) He further asserts that he was "denied religious services for the simple fact F.C.I. Bennettsville does not follow policy." (Obj. at 1.)

After review, the Court finds this objection to be without merit. As a preliminary matter, the statements to which the Plaintiff objects are taken straight from the Defendants' declarations and do not constitute any particular finding on the part of the Magistrate Judge. Moreover, a review of the entire record indicates that the Defendants acted appropriately regarding the controlled movement. Although the Plaintiff claims he had five minutes to attend the chapel, the record belies his assertion and indicates that the Chaplain had secured the door to the Chapel and that the controlled movement had ended prior to his arrival at the Chapel. In any event, the Court agrees with the Magistrate Judge that the Plaintiff cannot demonstrate how the Defendants violated his constitutional rights in denying him access to the Chapel on this one occasion.



The Plaintiff next objects to page 5 of the R&R, which states that the "Plaintiff was found by Defendants Edwards and Jones attempting to gain entry into the Chapel after the Chaplain had secured the door." (R&R at 5.) The Plaintiff asserts that he never made it to the Chapel door because he was stopped at food services 200 feet or more from the Chapel. (Obj. at 2.) Again, this statement in the R&R was taken directly from the Defendants' declarations, and although the Plaintiff disagrees with the Defendants, the fact remains that the Plaintiff cannot demonstrate how the Defendants violated his constitutional rights regardless of whether he was found at the doors of the Chapel or 200

feet from the doors of the Chapel. The controlled movement had ended, and even the Plaintiff does not dispute that the Chaplain had secured the doors of the Chapel prior to his being approached by Defendants Edwards and Jones. Therefore, this objection is overruled.

In his final objection, the Plaintiff simply asserts that his religion was substantially burdened by missing this one Chapel service, and he claims that he did not fail to comply with the controlled movement procedure and was not given an incident report. After a review of the record, and for the reasons set forth in the R&R and herein, the Court disagrees with the Plaintiff and finds that the Plaintiff's religion was not substantially burdened by missing this one Chapel service. Therefore, this objection is overruled.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R (Entry # 62) is adopted and incorporated herein; the Plaintiff's objections (Entry # 64) are overruled; the Defendants' motion for summary judgment (Entry # 35) is granted; the Plaintiff's motion for "judgment on the pleadings or alternate summary judgment" (Entry # 33) is denied; any remaining motions are deemed moot; and this matter is ended.

**IT IS SO ORDERED**.

The Honorable Sol Blatt, Jr.
Senior United States District Judge

February 24, 2009
Charleston, South Carolina